### O'CONNOR *v.* MAYOR, ETC., OF THE CITY OF NEW YORK.

(*Common Pleas of New York City and County, General Term.* April 7, 1890.)

DEFECTIVE STREETS—NOTICE.

Although a municipal corporation has actual notice of a dangerous accumulation of ice and snow on a sidewalk, it is, nevertheless, absolved from the imputation of negligence if there was no reasonable opportunity to remove the danger between the time of its first appearance and the happening of an accident.

Motion for a reargument. For former report see 8 N. Y. Supp. 530.

Argued before LARREMORE, C. J., and BISCHOFF, J.

*W. H. Clark*, (*E. H. Hawke, Jr.*, of counsel,) for appellant. *Louis J. Grant*, for respondent.

BISCHOFF, J. Counsel for respondent assumes that the opinion of the January general term herein, directing a reversal of the judgment appealed from, was predicated upon defendant's want of notice, actual or constructive, prior to the happening of the accident complained of, that the sidewalk was in a dangerous condition, and that the court inadvertently overlooked the testimony of the defendant's police officer, who admitted upon the trial that the condition of the sidewalk was known to him some time before the accident. No other ground for reargument is assigned. A careful examination of the opinion referred to must be convincing that the reversal was directed upon the grounds that the municipal corporation is not chargeable with neglect in permitting its streets to be in a dangerous condition, in the absence of proof that there was reasonable time to render such streets safe; that the question whether or not there was such reasonable time is a question of law, to be determined by the court; that the uncontradicted facts in the present case, showing an interval of less than 48 hours between the cessation of the snow-fall and the time of the accident, failed to show that defendant had a reasonable time within which to remove the accumulated ice and snow, or otherwise to render the sidewalk in safe condition; that, because of the want of such reasonable time, the plaintiff had failed to establish negligence on the part of defendant; and that it was error for the trial judge to submit the question of defendant's negligence to the jury. This view renders the question of notice of no importance in this case; for, if it be conceded that defendant had actual notice of the dangerous accumulation of ice and snow on the sidewalk in question, defendant must, nevertheless, be held absolved from the imputation of negligence if there was no reasonable opportunity to remove the danger between the time of its first appearance and the happening of the accident. The motion for reargument must be denied, with costs.

LARREMORE, C. J., concurs.